IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

[ON REMOVAL FROM DISTRICT COURT, BALDWIN COUNTY

| | |
|---|---|
| **ARG OCPOOL2001, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO. 23-cv-391** |
| ) | |
| **O'CHARLEY'S, INC.,** ) | Removal of case: 05-DV-2023-901501.00 |
| ) | Baldwin, County District Court |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO:   Plaintiff, ARG OCPOOL2001, LLC
c/o its attorney, Joshua D. Friedman
150 Government St. Suite 2000
Mobile, Alabama 36602

**Formerly District Court of Baldwin County Case No.: 05-DV-2023-9015601.00**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant O'Charley's, Inc., n/k/a O'Charley's LLC. ("O'Charley's" or "Defendant") hereby gives NOTICE of the removal of the subject action from the District Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama (Mobile Division), on the following grounds:

1.   Plaintiff filed a complaint against Defendant in the District Court of Baldwin County, Alabama, styled *ARG OCPOOL2001, LLC v. O'Charley's Inc.,* Case No.: 05-DV-2023-98015601.00, on October 9, 2023 ("the Complaint").

2. Plaintiff provided Defendant with a copy of the Summons and the Complaint on or about October 11, 2023.[1] Copies of the Summons and Complaint are attached hereto as part of **Exhibit A**. The documents attached hereto as **Exhibit A** constitute a copy of the entire District Court file as it exists on October 17, 2023, including a copy of the pleadings served upon Defendant in this action. No other process, pleadings or orders have been served on Defendant as a part of the case being removed to this Court.

3. In the Complaint, Plaintiff seeks an eviction/unlawful detainer and a right to possession of the premises at 6840 Hwy 90, Daphne, Alabama 36526 (the "Leased Premises") based on an alleged default of a Master Lease Agreement previously entered into by the parties. Plaintiff's request for eviction is premised on Defendant's alleged default of two Master Lease Agreements entered into by the parties, following default notices that Plaintiff sent Defendant demanding back-rent of **over $1.7 million** for 20 locations, including the Leased Premises, plus penalties, interest, attorneys' fees and future rent. (Copy of September 2023 default notice attached hereto as **Exhibit B**.)

4. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a copy of this Notice on Plaintiff and on the Clerk of the District Court of Baldwin County, Alabama.

## DIVERSITY JURISDICTION

5. This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

6. This Court has original jurisdiction over the subject action, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (c)(1), 1441(b)(2).

---

[1] Defendant expressly preserves and does not waive any objection as to insufficient service of process.

7. Federal Courts have the power to exercise jurisdiction over an eviction/unlawful detainer action. "A state court's jurisdiction to hear an unlawful detainer action has never been held to be exclusive." *Mut. First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282 (S.D. Ala. 1989) (*citing Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 887 (S.D. Tex. 1982)).

I. **Upon Information and Belief, the Parties are Completely Diverse**

8. According to the Complaint, Plaintiff is a foreign limited liability company organized under the laws of the State of Delaware and registered to conduct business in Alabama. (Compl., ¶ 2). Defendant is a Tennessee limited liability company. (Compl., ¶ 2).

9. Given that both parties are LLCs, courts look to the domicile of partnerships and native persons of each LLC when examining diversity.

10. Concerning Plaintiff's LLC, the Master Lease Agreements do not identify any owners. Nor do publicly available filings at the Securities and Exchange Commission or at the Alabama or Delaware Secretary of State.

11. Concerning Defendant's LLC, additional information about its owners is provided in Defendant's contemporaneously-filed Business Entity Disclosure form.

12. Upon information and belief, after conducting due diligence, because Defendant's state of resident citizenship is completely diverse from Plaintiff's state of resident citizenship, complete diversity of citizenship exists in this case.

II. **The Amount In Controversy Exceeds $75,000**

13. The amount in controversy, as demonstrated by the Complaint's allegations and corresponding exhibits, as well as the consequences of the litigation, exceeds the threshold

requirement of $75,000.00 to give this Court original jurisdiction under 28 U.S.C. § 1446 (c)(2)(A)(i). (**Exhibit B**).

14. Although Plaintiff does not specify the total dollar amount in controversy, Defendant may nonetheless remove this case to federal court based on the allegations of the Complaint. *See Jones v. Marriott Int'l, Inc.*, No. CV 18-00171--N, 2018 WL 2320947 at *2 (S.D. Ala. May 22, 2018). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon her claim. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). When "the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A).

15. Where the plaintiff seeks unspecified damages, as here, a removing defendant "bears the burden of establishing the jurisdictional amount." *Lowery*, 483 F.3d at 1208; see also 28 U.S.C. § 1332(a). In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court clarified that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."

> [D]efendants do not need to prove to a legal certainty that the amount in controversy requirement is met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. . . . In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.

*Dart Cherokee Basin*, 574 U.S. at 88-89 (citation omitted); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court

4

must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'") (quoting *Dart Cherokee Basin*).

16.     The Complaint alleges that Defendant is in default of the Master Lease Agreement "by failing to pay rent and other charges." The allegations of the Complaint establish that the amount in controversy exceeds $75,000.00. *See Lowery*, 483 F.3d at 1211 ("Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements.").

17.     Plaintiff alleges that "Defendant has defaulted under the terms" of the Master Lease Agreement and, as a result of this default, Plaintiff is seeking not only possession, but also a sum of damages including, "unpaid rent and lates charges, plus attorney's fees . . . [and] future rent." (Compl. ¶ ¶ 2-5).

18.     Eleventh Circuit precedent also permits the District Court to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A District Court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770. Among the tools a court may employ are "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). In removing this case, Defendant can also rely on these tools in assessing the allegations of the complaint.

19.     Plaintiff's allegations of default of the Master Lease Agreement establish the requisite amount in controversy. *See Dart Cherokee Basin*, 574 U.S. at 88-89 ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold."). The default notice Plaintiff sent Defendant illustrates that the amount in controversy exceeds the $75,000 threshold. When dividing merely the aggregate back rent (which exceeds $1.7 million) by the 20 locations included in the Master Lease Agreements, the total amount of alleged default exceeds $75,000 per location. (**Exhibit B**).

20. Furthermore, "[i]n actions seeking [non-monetary relief], it is well established that the amount in controversy is measured by the value of the object of the litigation." *Peeples v. Ditech Fin. LLC*, No. 4:17-CV-1311-VEH, 2017 WL 5153530, at *5 (N.D. Ala. Nov. 7, 2017) (citing *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977)).

21. Based on the allegations in the Complaint and the exhibits attached to the Complaint, and the law cited above, the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. This action is removable under 28 U.S.C. § 1441. *See Dart Cherokee Basin*, 574 U.S. at 88-89; *Lowery*, 483 F.3d at 1211.

22. Pursuant to 28 U.S.C. § 1441, *et seq.*, this cause may be removed from the District Court, Baldwin County, Alabama to the United States District Court for the Southern District of Alabama.

## PROCEDURAL REQUIREMNTS

### III. Notice Of Removal Is Timely

23. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b)(2)(B), as it is filed within thirty (30) days after Defendant's receipt of a Summons and Complaint in this matter.

24.     Defendant maintains that Plaintiff's Complaint is without merit, and this removal shall not be construed as an admission of any facts alleged in the Complaint.  By filing this Notice of Removal, Defendant does not waive, and in fact expressly reserves, any and all rights, defenses, claims, counterclaims and objections available to them.

25.     Defendant expressly reserves the right to amend or supplement this Notice of Removal should any aspect of this removal and/or the information set forth herein be challenged.

### IV.    Notice Has Been Properly Provided To Plaintiff And the Clerk Of Court For The Baldwin County District Court

26.     Pursuant to 28 U.S.C. § 1446(a), Defendant is hereby filing all documents that have been filed in the State Court Action, as provided by the Baldwin County District Court Clerk, as **Exhibit 1**.

27.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a true and exact copy of this Written Notice of Removal to Plaintiffs, through their counsel of record, and file the same in the District Court for Baldwin County, Alabama.

WHEREFORE, Defendant O'Charley's, by counsel, respectfully removes the subject action from the District Court of Baldwin County, Alabama to this United States District Court for the Southern District of Alabama.

Respectfully submitted,

*/s/ Henry T. Morrissette*
Henry T. Morrissette Bar ID ASB-7622-E54H
HAND ARENDALL HARRISON SALE
104 Saint Francis Street, Suite 300
Mobile, AL 36602
Telephone: (251) 694-6364
Fax: (251) 544-1625
hmorrissette@handfirm.com

*Counsel for O' Charley's Inc., n/k/a O'Charley's LLC.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document via email and U.S. Mail on October 17, 2023, on:

Joshua D. Friedman, Esq.
150 Government St.
Suite 2000
Mobile, AL 36602
jdf@helmsinglaw.com

*Counsel for Plaintiff*

/s/ Henry T. Morrissette